UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-58 JBG (SPx)** | Date | March 28, 2023 |
| Title | *Christine G. Marquez v. Walmart Inc., et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order DENYING Plaintiff's Motion to Remand (Dkt. No. 11)
(IN CHAMBERS)

Before the Court is a motion to remand filed by Plaintiff Christine G. Marquez ("Plaintiff" or "Marquez"). ("Motion," Dkt. No. 11.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion. The hearing on April 3, 2023 is **VACATED**.

## I. BACKGROUND

This is a slip-and-fall case. On April 19, 2022, Plaintiff filed a complaint in San Bernardino County Superior Court alleging premises liability and negligence against Defendants Walmart, Inc. ("Walmart") and Does 1 to 50. ("Complaint," Dkt. No. 1-1.) On September 1, 2022, Plaintiff amended the Complaint to include Sam Tarabey ("Tarabey") as a Doe defendant. (Boris Decl. ¶ 3; Vue Decl. ¶ 4.) On December 13, 2022, Walmart was served with the Complaint. (Boris Decl. ¶ 4; Vue Decl. ¶ 5.) Tarabey has not yet been served. (Motion at 6.)

On January 12, 2023, Walmart removed the action to this Court. ("Notice of Removal," Dkt. No. 1.) On February 8, 2023, Plaintiff filed the Motion. In support of the Motion, Plaintiff submitted a declaration of Alexander B. Boris. ("Boris Decl.," Dkt. No. 11 at 10–11.) On March 6, 2023, Walmart opposed the Motion. ("Opposition," Dkt. No. 14.) In support of the Opposition, Walmart submitted a declaration of Cecile Vue ("Vue Decl.," Dkt. No. 14-1) and a declaration of Sam Tarabey ("Tarabey Decl.," Dkt. No. 14-2).

## II.     LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson, 319 F.3d at 1090.

## III.    DISCUSSION

Plaintiff seeks to remand this case on the grounds that it lacks complete diversity.[1] (Motion at 1–2.) Plaintiff also asks this Court to sanction Walmart's counsel. (Id. at 7–8.)

**A.     Removal**

In Plaintiff's view, this case lacks complete diversity because she and Tarabey are both citizens of California. (Id. at 5.) However, nowhere in the Complaint does Plaintiff allege Tarabey's citizenship—or Tarabey's involvement in the alleged incident at all. (See Notice of Removal at 5.) Even if Tarabey is a citizen of California, Walmart argues that Tarabey's citizenship should be disregarded because he was fraudulently joined. (See Opposition at 10–13.) The Court agrees.

In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. To establish fraudulent joinder the

---

[1] The Court reprimands Plaintiff's counsel for failing to meet and confer prior to filing the Motion, in violation of Local Rule 7-3. (See Opposition at 2.) Nevertheless, the Court considers the Motion on its merits.

second way, a defendant must show that the joined, non-diverse party "cannot be liable on any theory." Id. "But if there is a *possibility* that a state court would find that the complaint states a cause of action" against a resident defendant, then the federal court "must find that the joinder was proper and remand the case to the state court." Id. A defendant carries a "heavy burden" to show fraudulent joinder because there is a "general presumption" against finding it. Id. Specifically, fraudulent joinder "must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

Here, the Court finds that Tarabey was fraudulently joined because Plaintiff has no viable claim against him. Plaintiff alleges premises liability and negligence claims against Tarabey. In California, the elements of these claims are "the same": "a legal duty of care, breach of that duty, and proximate cause resulting in injury." Hernandez v. Jensen, 61 Cal. App. 5th 1056, 1064 (2021). Plaintiff's only factual allegation is that "she violently slipped and fell on a clear liquid substance" at a store located in Highland, California, and that Walmart and Tarabey "owned, possessed, maintained, operated, supervised, managed" the premises. (Complaint ¶¶ 8-9.) In the Motion, Plaintiff adds that Tarabey is a "manager/employee at Walmart in California." (Motion at 3.) However, the Complaint contains no factual allegations about Tarabey's involvement in the alleged incident, so a state court could not plausibly infer that Tarabey owed a duty to Plaintiff, breached that duty, or proximately caused her injury. (See Opposition at 5-6.)

Further, Walmart provides clear and convincing evidence that Tarabey never worked at the store where Plaintiff allegedly slipped. (See Tarabey Decl. ¶ 2.) Tarabey attests that he has "never worked at the store located in Highland" and had "no prior knowledge of the alleged incident." (Id. ¶¶ 2-3.); see Leon v. Gordon Trucking, Inc., 76 F. Supp. 3d 1055, 1070 n.33 (C.D. Cal. 2014) ("A court may properly consider evidence the removing party submits in its opposition to remand, even if this evidence was not submitted with the original removal petition."). As such, Tarabey cannot possibly be liable for negligently managing a store where he did not work. See Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is *no possibility* that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." (emphasis added)).

Because the Court finds that Tarabey was fraudulently joined, the Court declines to consider Defendant's argument that Tarabey is not a proper defendant because he has not yet been served with process. (Opposition at 7-8.) The Court also declines to consider Plaintiff's argument that Defendant made a "snap removal." (Motion at 6.) It is not clear to the Court that Plaintiff's argument has merit since Plaintiff had more than four months to effect service of process on Tarabey. See generally Choi v. General Motors LLC, 2021 WL 4133735 at *4-5 (C.D. Cal. Sept. 9, 2021) ("[T]he plain language of Section 1441(b)(2) demonstrates that a 'local defendant' has to be 'properly joined *and served*' before the prohibition present in Section 1441(b)(2) goes into effect.").

Accordingly, because the Court concludes that Tarabey was fraudulently joined, the Court **DENIES** the Motion.

**B.      Sanctions**

The Court **DENIES** Plaintiff's request for sanctions against Walmart's counsel because Walmart's removal was not vexatious or in bad faith.

## IV.     CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's Motion to remand.  The April 3, 2023 hearing is **VACATED**.

**IT IS SO ORDERED.**